## CLARENCE E. HOLT v. STATE.

No. A-7917.  Opinion Filed April 25, 1931.
Rehearing Denied June 27, 1931.
(300 Pac. 430.)

E. D. Reasor and Jack McKenzie, for plaintiff in error.

J. Berry King, Atty. Gen., and Edward Crossland, Asst. Atty. Gen., for the State.

CHAPPELL, J. Plaintiff in error, hereinafter called defendant, was convicted in the county court of Pottawatomie county upon the charge of practicing medicine without being in legal possession of an unrevoked license or certificate from the state board of medical examiners to practice medicine and surgery, and his punishment fixed by the jury at a fine of $500.

The evidence of the state was that the defendant represented himself as superintendent of an institution known and designated as "Utilitarian Vitality Unity, A Mutual Co-operative Health Society"; that he issued numerous advertisements of this institution, one of which was received by the prosecuting witness, Mrs. Mitchell; that she entered into a contract with the defendant, and paid him $100 cash, and took the treatments given her by defendant; that defendant charged the prosecuting witness for medicine; and that defendant possessed no license to practice medicine.

The state had several samples of the treatments given the prosecuting witness by defendant analyzed, and the doctors testified that the various items they analyzed contained veronal, a medicine given to the patient, if the patient is restless, to produce sleep; that another item contained salt of acethyl, salicylic acid; that this product is a medicine commonly called aspirin; that another item contained radix calami aromatici, or commonly called calomus; also red pepper and zinziber (ginger); that all of these items are medicine listed in the United States Pharmacopoeia.

Defendant admitted that he contracted with the prosecuting witness, but claimed he did that as a representative

of the sanitarium, and that the medicine was prescribed by regular doctors in the sanitarium.

The information filed against the defendant was drawn under sections 11 and 12, c. 59, Session Laws of 1923, which read as follows:

"Every person before practicing medicine and surgery or any of the branches or departments of such, within the meaning of this act, within the state of Oklahoma, must be in legal possession of the unrevoked license or certificate herein provided for, and any person so practicing in such manner within this state, who is not in such legal possession thereof, shall be guilty of a misdemeanor, and shall, upon conviction thereof, in any court having jurisdiction, be fined for the first offense in any sum not less than $100, and not more than $500, and shall, for any succeeding offense, be subject to fine in like amount, and in addition thereto, shall be imprisoned in a county jail for a period of time not less than 30 days, nor more than 180 days; and in all instances, each day's practice shall constitute a separate and distinct offense. It is further provided that any person who shall render such professional services without first complying with the provisions of this act, shall, in addition to the other penalties herein provided, receive no compensation for such services.

"Every person shall be regarded as practicing medicine within the meaning and provisions of this act, who shall append to his name the letters 'M. D.', 'Doctor', 'Professor', 'Specialist', 'Physician', or any other title, letters or designation which represent that such person is a physician, or who shall for a fee or compensation treat disease, injury or deformity of persons by any drugs, surgery, manual or mechanical treatment whatsoever. * * *"

Under the information in this case, it was necessary for the state to prove that the defendant, for a fee or compensation, treated the prosecuting witness by the administration of drugs, surgery, manual or mechanical treat-

ment, and that he was not in the legal possession of the unrevoked license or certificate provided for in section 11.

Defendant contends, first, that the court erred in excluding proof that settlement had been made between himself and the complaining witness for the repayment to her of $50 of the $100 that he had received from her. This contention was properly rejected, for the reason that it could not tend to shed any light on whether or not the defendant was practicing medicine without a license.

Defendant contends, next, that the court erred in refusing to strike the evidence of the complaining witness, because she did not testify that he was a doctor or physician. She did testify that he treated her, after consultation, by giving her certain remedies for pay.

Defendant next contends that the court erred in refusing to strike the major portion of the evidence of Dr. Bynum. Dr. Bynum testified that he was secretary of the state medical board, and that his records did not show that defendant had been issued a license, and that he had heard complaints about defendant practicing medicine without a license. Dr. Bynum admitted that he had taken an interest in the case, and had phoned other doctors and written to the county attorney about the matter.

It was immaterial who was responsible for the institution of the prosecution—whether medical doctors or others—the question being, Did the defendant practice medicine without having procured a license? and not, Who was responsible for his prosecution?

Defendant contends that the court erred in permitting an overlong cross-examination of defendant. Where defendant offers himself as a witness in his own behalf in a criminal case, he is subject to the same rules of cross-

examination as any other witness. The state had a right to inquire particularly into the defendant's qualifications and the manner in which he conducted his business. If such cross-examination disclosed the defendant's ignorance and subjected him to humiliation, that was his misfortune.

The extent of cross-examination is largely within the discretion of the trial court, and, where there is nothing in the record to show that such discretion was abused, the cause will be affirmed.

Defendant complains of other errors, but they are equally without substantial merit.

No reversible error appearing upon the record, the cause is affirmed.

EDWARDS, J., concurs. DAVENPORT, P. J., absent, not participating.